IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-21-FL

| | |
|---|---|
| GEORGE ANDREW BRATTON, an Individual, and THE ESTATE OF GEENA GEE BRATTON (Decedent),<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF NORTH CAROLINA, an Business Entity or Governmental Agency; (Gov.) PAT MCCORY, an Individual; MECKLENBURG COUNTY DIVISION OF SOCIAL SERVICES, an Business Entity or Governmental Agency; PEGGY EAGAN (Dir.-DSS), and Individual; (Lt.) CHRIS TAYLOR, an Individual; MCDOWELL COUNTY SHERIFF OFFICE, an Business Entity or Governmental Agency; CEDERBROOK RESIDENTIAL CENTER, INC., an Business Entity form unknown; THE ESTATE OF HENRY R. BRATTON JR. (Deceased); MARIAN DIEBEL-BRATTON, an Individual; ARLENE BROKAW, an Individual; MCEWEN FUNERAL SERVICES-PINEVILLE CHAPEL CITY, an Business Entity form unknown; NORTH CAROLINA ADOPTION AGENCY, an Business Entity or Governmental Agency; and DOES 1-100, inclusive,<br><br>    Defendants. | **ORDER AND MEMORANDUM & RECOMMENDATION** |

This matter is before the court on an application to proceed *in forma pauperis* filed by George Andrew Bratton. Although unclear, it appears Bratton is trying to appeal a case from the North Carolina Supreme Court to this court. He requests

review of the state appellate court's decision to deny his motion to stay a wrongful death suit filed in McDowell County, North Carolina. (Pl.'s Compl. [DE #1-1] at 2.) Bratton lists himself, as well as the estate of his deceased daughter, as plaintiffs in his proposed complaint.

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information contained in Bratton's affidavit, the court finds that Bratton has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Bratton's application to proceed *in forma pauperis* is allowed as to the claims brought by Bratton in his individual capacity.

To the extent Bratton is requesting that the estate be allowed to proceed as a pauper, that request must be denied, however. Under 28 U.S.C. § 1915, "only a natural person may qualify for treatment *in forma pauperis*." *Rowland v. Cal. Men's Colony, Unit II Advisory Council*, 506 U.S. 194, 196 (1993). A decedent's estate is not a "natural person" qualifying for treatment *in forma pauperis*. *In re Estate of Van Patten*, 553 F. App'x 328, 328 (4th Cir. 2014) (unpublished).

The undersigned also questions Bratton's capacity to bring any action on behalf of his daughter's estate. While Bratton may prosecute an action in this court on his own behalf, he has not demonstrated authority to act on behalf of the estate by appointment as personal representative. Prior to the filing of this action, Bratton attempted to bring two other federal actions concerning his daughter's death, one in

2

the Western District of North Carolina and one in this court. *See The Estate of Geena Gee Bratton v. The United States Dep't of Justice*, No. 1:15-CV-37-MR-DLH, (W.D.N.C.) (IFP application filed February 23, 2015); *The Estate of Geena Gee Bratton v. The United States Dep't of Justice*, No. 5:15-CV-260-F, (E.D.N.C.) (application to proceed without prepayment of fees filed June 17, 2015). Both courts observed that filings submitted by Bratton suggest Bratton is neither the personal representative of his daughter's estate nor the sole beneficiary of the estate. *The Estate of Geena Gee Bratton v. The United States Dep't of Justice*, No. 5:15-CV-260-F, 2015 WL 5026163, at *3 (E.D.N.C. Aug. 25, 2015); *The Estate of Geena Gee Bratton v. The United States Dep't of Justice,* No. 1:15-CV-37-MR-DLH, [DE #4], at 2-4 (W.D.N.C. March 2, 2015). Accordingly, the cases were dismissed when Bratton failed to comply with the courts' orders to cause counsel to enter a notice of appearance on behalf of the estate. *The Estate of Geena Gee Bratton v. The United States Dep't of Justice*, No. 5:15-CV-260-F, [DE #8], at 1-2 (E.D.N.C. October 7, 2015); *The Estate of Geena Gee Bratton v. The United States Dep't of Justice,* No. 1:15-CV-37-MR-DLH, [DE #5], at 2-4 (W.D.N.C. April 8, 2015).

As in the other two federal cases, Bratton here purports to be bringing suit on behalf of his daughter's estate without having demonstrated the authority to act on the estate's behalf. Moreover, even assuming Bratton has been appointed personal representative of the estate, he is not a licensed attorney admitted to practice before this court and may not represent the interests of others in federal court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993).

CONCLUSION

For the reasons stated above, Bratton's application to proceed *in forma pauperis* [DE #1] is GRANTED as to the claims brought by Bratton in his individual capacity and it is RECOMMENDED as follows:

(1) that any request for the estate to proceed *in forma pauperis* be DENIED;

(2) that Bratton be given thirty days to cause counsel to enter a notice of appearance on behalf of the estate and to pay the required filing fee or suffer dismissal of the estate's claims; and

(3) that frivolity review be held in abeyance pending counsel's appearance or other court order.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiffs. Plaintiffs are hereby advised as follows:

You shall have until **June 20, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 1st day of June 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge