IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-21-FL

| | | |
|---|---|---|
| GEORGE ANDREW BRATTON, an Individual; and THE ESTATE OF GEENA GEE BRATTON (Decedent), | ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| STATE OF NORTH CAROLINA, an Business Entity or Governmental Agency; (Gov.) PAT MCCORY, an Individual; MECKLENBURG COUNTY DIVISION OF SOCIAL SERVICES, an Business Entity or Governmental Agency; PEGGY EAGAN (Dir.-DSS), and Individual; (Lt.) CHRIS TAYLOR, an Individual; MCDOWELL COUNTY SHERIFF OFFICE, an Business Entity or Governmental Agency; CEDERBROOK RESIDENTIAL CENTER, INC., an Business Entity form unknown; THE ESTATE OF HENRY R. BRATTON JR. (Deceased); MARIAN DIEBEL-BRATTON, an Individual; ARLENE BROKAW, an Individual; MCEWEN FUNERAL SERVICES-PINEVILLE CHAPEL CITY, an Business Entity form unknown; NORTH CAROLINA ADOPTION AGENCY, an Business Entity or Governmental Agency; and DOES 1-100, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

This matter comes before the court on the memorandum and recommendation ("M&R") of

United States Magistrate Judge Kimberly A. Swank (DE 3), pursuant to 28 U.S.C. § 636(b)(1)(C)

and Federal Rule of Civil Procedure 72(b), regarding plaintiffs' motion for leave to proceed in forma pauperis. The time for filing objections as noticed in the M&R has passed. For the reasons stated herein, the court adopts the M&R as its own and orders as follows.

## BACKGROUND

On January 14, 2016, plaintiffs filed a motion for leave to proceed in forma pauperis, proposing a complaint that seeks relief on behalf of plaintiff George Andrew Bratton ("Bratton") an individual, and on behalf of the Estate of Geena Gee Bratton (decedent) ("Estate"), arising from a decision by the North Carolina Supreme Court denying his motion to stay a wrongful death suit filed in McDowell County, North Carolina. The M&R recommends allowing the motion in forma pauperis as to plaintiff Bratton, but denying it with respect to plaintiff Estate, and holding frivolity review in abeyance pending appearance by counsel or other court order.

## DISCUSSION

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails

2

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Frivolous claims are those that lack "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Bratton here purports to be bringing suit on behalf of his daughter's estate, without having alleged authority to act on the estate's behalf. Moreover, plaintiff is not a licensed attorney admitted to practice before this court, and thus may not represent the interests of others in federal court. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). Accordingly, without more, the Estate will not be allowed to proceed in forma pauperis in this action.

## CONCLUSION

Based on the foregoing, upon *de novo* review of the M&R, the court ADOPTS the recommendation of the magistrate judge (DE 3). The motion to proceed in forma pauperis (DE 1) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to the claims brought by Bratton in his individual capacity. The motion is DENIED as to claims brought by or on behalf of the Estate. Plaintiff Bratton is DIRECTED to cause counsel to enter a notice of appearance on behalf of the estate and to pay the required filing fee within 30 days of the date of this order. Failure to do so may result in dismissal of claims brought by or on behalf of the Estate. The court HOLDS IN ABEYANCE frivolity review pending counsel's appearance or disposition of claims briought by or on behalf of the Estate.

SO ORDERED, this the 15th day of July, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

3