IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-21-FL

| | | |
|---|---|---|
| GEORGE ANDREW BRATTON, an Individual; and THE ESTATE OF GEENA GEE BRATTON (Decedent), | ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| STATE OF NORTH CAROLINA, an Business Entity or Governmental Agency; (Gov.) PAT MCCORY, an Individual; MECKLENBURG COUNTY DIVISION OF SOCIAL SERVICES, an Business Entity or Governmental Agency; PEGGY EAGAN (Dir.-DSS), and Individual; (Lt.) CHRIS TAYLOR, an Individual; MCDOWELL COUNTY SHERIFF OFFICE, an Business Entity or Governmental Agency; CEDERBROOK RESIDENTIAL CENTER, INC., an Business Entity form unknown; THE ESTATE OF HENRY R. BRATTON JR. (Deceased); MARIAN DIEBEL-BRATTON, an Individual; ARLENE BROKAW, an Individual; MCEWEN FUNERAL SERVICES-PINEVILLE CHAPEL CITY, an Business Entity form unknown; NORTH CAROLINA ADOPTION AGENCY, an Business Entity or Governmental Agency; and DOES 1-100, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

This matter comes before the court on frivolity review and upon motions by plaintiffs for extension of time, to appoint counsel, and for other relief (DE 9, 10). For the following reasons, the

court must dismiss this matter upon frivolity review for lack of subject matter jurisdiction. Plaintiff's pending motions accordingly are denied.

## BACKGROUND

On January 14, 2016, plaintiffs filed a motion for leave to proceed in forma pauperis, proposing a complaint that seeks relief on behalf of plaintiff George Andrew Bratton ("Bratton") an individual, and on behalf of the Estate of Geena Gee Bratton (decedent) ("Estate"), arising from a decision by the North Carolina Supreme Court denying his motion to stay a wrongful death suit filed in McDowell County, North Carolina. After referral of the matter to magistrate judge for memorandum and recommendation, on July 15, 2016, this court granted in part the motion to proceed in forma pauperis as to the claims brought by Bratton in his individual capacity. The court denied the motion as to claims brought by or on behalf of the Estate. The court directed plaintiff Bratton to cause counsel to enter a notice of appearance on behalf of the Estate and to pay the required filing fee by August 15, 2016, or face dismissal of claims by or on behalf of the Estate. The court held in abeyance frivolity review pending counsel's appearance or disposition of claims brought by or on behalf of the Estate.

## DISCUSSION

In light of the continued filing of pro se motions filed in this matter, where counsel has not entered an appearance on behalf of the Estate, the court undertakes forthwith frivolity review as provided in 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Frivolous claims are those that lack "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

2

Plaintiff Bratton purports to be bringing suit on behalf of himself and the Estate for purposes of obtaining review of decisions by the North Carolina Supreme Court in a wrongful death civil case commenced in McDowell County Superior Court. Plaintiff expressly "[r]equests the court to review the North Carolina Supreme Court's denial of [plaintiff's] [Administrative with Disabilities Act] requests for (30) days' time extension and issues orders to Stay All Court Proceedings in McDowell County Superior Court case 14-CVS-794 and allow [plaintiff] opportunity to retain counsel." (Compl. at 2). Plaintiff seeks an order from this court vacating orders of the North Carolina Supreme Court and the McDowell County Superior Court in that state action 14-CVS-794, and plaintiff seeks an order staying all McDowell County court proceedings. (Compl. at 13).

This court lacks subject matter jurisdiction to award the requested relief. Plaintiff's claim must be dismissed on the basis of the Rooker-Feldman doctrine which bars a plaintiff from seeking in federal court "redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006); see District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482–84 (1983) (describing application of the Rooker-Feldman doctrine). Here, where plaintiff seeks to have this court directly review and vacate state court decisions, plaintiff is seeking redress for an injury allegedly caused by the state court's decision. Plaintiff must seek such review directly in state court and may seek review ultimately by the Supreme Court of the United States, not by this federal district court.

Moreover, Younger v. Harris, 401 U.S. 37 (1971), requires this court refrain from interference with pending state court civil proceedings. See Huffman v. Purse, Ltd., 420 U.S. 592, 604 (1975); Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003). Here, there is an ongoing judicial proceeding concerning matters of distinctive state concern, including disposition of the estate of a decedent. This court must abstain from interfering with such pending state court proceedings under Younger.

3

Finally, plaintiff suggests through filings subsequent to his complaint that he may advance claims for injunctive relief or compensatory relief for wrongful death directly on behalf of decedent Geena Gee Bratton, the Estate, or other mental health care patients. Plaintiff, however, has not alleged any facts establishing his standing to bring such claims. See, e.g., N.C. Gen. Stat. §§ 28A-4-2, 28A–18–2(a). Nor may plaintiff bring an action pro se on behalf of the Estate in forma pauperis, under 28 U.S.C. § 1915(a). See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 197 (1993); In re Estate of Van Putten, 553 F. App'x 328 (4th Cir. 2014).

## CONCLUSION

Based on the foregoing, this action is DISMISSED upon frivolity review under 28 U.S.C. § 1915(e), for lack of subject matter jurisdiction. Where this court lacks subject matter jurisdiction over plaintiff's action, plaintiff's motions for extension of time, appointment of counsel, and other relief are DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 31st day of August, 2016.

LOUISE W. FLANAGAN
United States District Judge